IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
    Plaintiff,

vs.                                                    No. 17-10025-01-JTM

BRANDON WELLS.,
    Defendant.

MEMEMORANDUM AND ORDER

This matter is before the court following defendant Brandon Wells's "Notice of Delayed Filing," filed August 9, 2018 (Dkt. 28), which states that he has been delayed in filing a motion for relief under § 2255, and that such motion will not be filed until some additional months have passed. Since Judgment (Dkt. 23) was entered against Wells on August 7, 2017, such additional delay will likely render his subsequent motion under § 2255 untimely.

Defendant's "Notice" itself indicates that substantial additional delay will occur, regardless of the court's action, and asks for no specific relief. At the same time, the pleading twice refers to itself as a "motion," and the Clerk of the Court has accordingly interpreted the pleading as a motion for extension of time for the filing of a § 2255 motion. To the extent the pleading is so construed, is should be denied.

The one-year limitation is an integral part of § 2255, and courts do not have broad leeway in extending time for filing relief under Section 2255.

> Courts should grant a motion for an extension of time to file a § 2255 motion sparingly, and should do so only when the "principles of equity would make the rigid application of a limitation period unfair." [*Pabon v. Mahanoy*, 54 F.3d 385, 399 (3d Cir. 2011)] (quoting *Miller* [*v. N.J. State Dep't of Corr.*], 145 F.3d [616,} 618 {3d Cir. 1988)]. The Supreme Court has instructed that equity permits extending the statutory time limit when a defendant shows that (1) "he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 2562–63, 177 L.Ed.2d 130 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)). Mere excusable neglect is insufficient. *See Robinson v. Johnson*, 313 F.3d 128, 142 (3d Cir.2002).

*United States v. Thomas*, 713 F.3d 165, 175 (3rd Cir. 2013).[1]

The Notice filed by Wells is completely silent as to any grounds for relief under § 2255, which would thereby allow the court to somehow find there was a need for extensive legal research. To the contrary, the charges against Wells involved armed robberies in the Wichita area, and the legal issues involved were not complex. While Wells cites the finite number of computer research stations available where he is incarcerated, there is no showing that such limited access has prevented him from presenting a timely § 2255 motion which at least sets out the issues he contends are

---

[1] Some cases have further held that courts are without jurisdiction to authorize any extension requested without a contemporaneous or previous motion for relief under § 2255. *See United States v. Asakevich*, 810 F.3d 418, 420–21 (6th Cir. 2016) (any equitable "grace period applies only to an actually filed § 2255 action [and] does not permit pre-approval of such tolling); *United States v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000) (holding that federal court lacked jurisdiction to consider timeliness of § 2255 petition until petition was actually filed because, without petition, there was no case or controversy, and any opinion on timeliness would be advisory).

relevant to his case. Similarly, while Wells complains that he has not received some hoped-for discovery, he has supplied no information as to *when* he requested such discovery. In short, there is nothing before the court which would support a finding of *either* of the two required elements — that defendant has been pursuing his rights diligently, and that some extraordinary circumstance has barred a timely filing. In short, Wells has presented purely conclusory allegations of the sort of difficulties faced by nearly all prison litigants.

IT IS ACCORDINGLY ORDERED this day of August, 2018, that defendant's Motion to Extend (Dkt. 28) is hereby denied.

J. Thomas Marten
J. THOMAS MARTEN, JUDGE