IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.           Case No. 17-10025-JWB

BRANDON V. WELLS,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion to appoint counsel. (Doc. 32.) For the reasons stated below, the motion is DENIED.

On April 25, 2017, Defendant Brandon V. Wells plead guilty to Counts 1–5 and Count 7 of the indictment against him: Counts 1–5 charged Defendant with interference with interstate commerce by robbery in violation of 18 U.S.C. § 1951, and Count 7 charged him with brandishing a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c). (Doc. 16 at 8–10; Doc. 23 at 2.) Defendant was committed to a term of imprisonment of 132 months, and upon release, to a 3-year term of supervised release. (Doc. 23 at 3–4.)

Defendant filed a motion to appoint counsel on December 26, 2023 (Doc. 32) to assist him with filing a motion to reduce his sentence pursuant to Amendment 821 to the Sentencing Guidelines. Amendment 821 provides an adjustment for zero-point offenders. "A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *See United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). Section 3582 allows for a possible sentence reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been

1

lowered by the Sentencing Commission." *See* 18 U.S.C. § 3582(c)(2). The Sentencing Commission amended the United States Sentencing Guidelines effective November 1, 2023. *See* 88 Fed. Reg. 28,254, 2023 WL 3199918 (May 3, 2023).

First, Defendant has no constitutional right to appointment of counsel beyond his direct appeal. *See Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008). This lack of a "right to counsel extends to a § 3582(c)(2) motion." *United States v. Campos*, 630 F. App'x 813, 816 (10th Cir. 2015). Nevertheless, a federal district court has discretion to appoint counsel to assist a Defendant's pursuit of a § 3582 motion. *See United States v. Francom*, No. 2:09-CR-150 TS, 2021 WL 321969, at *2 (D. Utah Feb. 1, 2021) (citing *United States v. Olden*, 296 F. App'x 671, 674 (10th Cir. 2008)). But Defendant has not demonstrated a compelling need for counsel. Rather, his request simply states that he needs counsel because he does not understand the law. (Doc. 32 at 1.) The court notes that many—if not all—prisoners filing pro se motions lack a highly developed understanding of the law. But despite this lack of legal knowledge, many try their hand at filing a motion and sufficiently do so on their own behalf.

Thus, the court concludes that Defendant failed to provide a sufficient compelling reason for it to exercise its discretion and appoint counsel on a matter in which there is no constitutional right to counsel.

Therefore, Defendant's motion to appoint counsel (Doc. 32) is DENIED. IT IS SO ORDERED. Dated this 27th day of February, 2024.

                                              s/ John W. Broomes  
                                              JOHN W. BROOMES  
                                              UNITED STATES DISTRICT JUDGE