IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                     Case No.  17-10025-JWB

BRANDON V. WELLS,

        Defendant.

## MEMORANDUM AND ORDER

This matter comes before the court on Defendant's motion for a sentence reduction (Doc. 35) pursuant to 18 U.S.C. § 3582(c)(2).  The motion is ripe for decision.[1]  (Docs. 35, 37.)  The motion is DENIED for the reasons stated herein.

### I.   Facts

The indictment against Defendant charged him with nine counts: seven of which were interference with interstate commerce by robbery in violation of 18 U.S.C. § 1951, and two counts of brandishing a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c).  (Doc. 7 at 1–5.)  Defendant pleaded guilty to five counts of robbery and one count of brandishing a firearm in relation to a crime of violence.  (Doc. 17 at 1.)  He received a total offense level of 25, and received one criminal history point that yielded a criminal history category of I.  (Doc. 21 at 12–13.)  Defendant did not receive any criminal history points for committing the offenses while serving a criminal justice sentence.  And while the United States Sentencing Guidelines range was 57–71 months, (*id.* at 19), the court sentenced Defendant to 132 months.  (Doc. 23 at 3.)  Defendant

---

[1] Defendant did not file a reply and the time for doing so has now passed.

now requests the court to reduce his sentence pursuant to Part A of Amendment 821 to the Sentencing Guidelines. Defendant's motion is denied for the reasons stated herein.

## II.    Analysis

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *See United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). Section 3582 allows for a possible sentence reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *See* 18 U.S.C. § 3582(c)(2). The Sentencing Commission amended the United States Sentencing Guidelines effective November 1, 2023. *See* 88 Fed. Reg. 28,254, 2023 WL 3199918 (May 3, 2023). Part A of Amendment 821 limits the criminal history impact of "status points." *See* 821, United States Sentencing Comm'n, Amendment 821, https://www.ussc.gov/guidelines/amendment/821 (last visited March 5, 2024); U.S.S.G. § 4A1.1(e). Part A reduces the impact committing an offense while serving a criminal justice sentence has on a defendant's criminal history category computation. For Part A to apply, however, a defendant must have received criminal history points for committing the offense whilst serving a criminal justice sentence.

Here, Defendant argues that he should receive a sentence reduction under Part A of Amendment 821. Defendant received one criminal history point for his prior criminal convictions. However, he did not receive any status points. (Doc. 21 at 13.) Thus, Defendant does not qualify for a sentence reduction under Part A of Amendment 821.

## III.    Conclusion

IT IS THEREFORE ORDERED BY THE COURT THAT Defendant's motion to reduce his sentence (Doc. 35) is DENIED.

IT IS SO ORDERED.  Dated this 12th day of April, 2024.


s/ John W. Broomes
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE